IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| TAMMY A. BEYNON,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>　　　　　Defendant. | CASE NO. 04-5538RJB<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for October 14, 2005 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Magistrates Rule MJR 4(a)(4), and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976).  This matter has been fully briefed.  After reviewing the record, the undersigned recommends that the decision of the Commissioner be AFFIRMED.

**FACTUAL AND PROCEDURAL BACKGROUND**

Ms. Beynon was age 38 when the ALJ issued his decision. She enlisted in the U.S. Navy after completing high school. After leaving the Navy she began working in customer service. She has a 14-year history in customer service and collection agency work (Tr. 69, 89-96). She and the father of her son moved from Utah to Washington in the Summer of 2001.  Plaintiff stopped working

REPORT AND RECOMMENDATION - 1

September 7, 2001, alleging she was unable to sustain full-time work activity due to depression, anxiety, and post traumatic stress disorder (Tr. 68).

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income payments on February 12, 2002. Her claim was denied initially and on reconsideration (Tr. 13). On December 24, 2003, after a hearing held before him, ALJ Timothy C. Terrill issued a decision finding Plaintiff not disabled (Tr. 10-20). Plaintiff timely requested Appeals Council review of the ALJ's decision. By Action of the Appeals Council on Request for Review, dated July 6, 2004, the Appeals Council denied to grant Plaintiff's request for review (Tr. 5-7), making the ALJ's decision the Commissioner's final decision. See 20 C.F.R. §§ 404.981, 416.1481, 422.210.

## DISCUSSION

The Court may set aside the Commissioner's denial of Social Security disability benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. 42 U.S.C. §405(g); Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). We consider the evidence as a whole, weighing both evidence that supports, and evidence that detracts from the Commissioner's conclusion. Smolen v. Chater, 80 F.3d 1273 (9th Cir. 1996). Credibility determinations are the province of the ALJ. Fair v. Bowen, 885 F.2d 597, 603 ( 9th Cir. 1989).

Plaintiff alleges the ALJ erred in his decision in the following manner:1) the ALJ failed to properly evaluate Ms. Beynon's mental impairments at Step 3 of the sequential process; 2) the ALJ failed to properly evaluate the opinion of Ms Beynon's treating physician; 3) the ALJ improperly rejected the uncontradicted opinion of the examining psychiatrist; and 4) the ALJ failed to consider and award a closed period of disability.

***A. T<small>HE</small> ALJ P<small>ROPERLY</small> E<small>VALUATED</small> P<small>LAINTIFF'S</small> I<small>MPAIRMENTS</small>***

REPORT AND RECOMMENDATION - 2

At step-three, in the five-step evaluation process, the ALJ must determine whether the claimant has an impairment(s) which has lasted or can be expected to last for not less than 12 months, and is included in Appendix 1 of the Listings of Impairments, or is equal to a listed impairment(s), the claimant will be considered disabled without considering age, education and work experience. 20 C.F.R. § 404.1520(d). In the present case, the ALJ concluded:

> The medical evidence indicates that the claimant has depression and an anxiety disorder, impairments that are severe within the meaning of the Regulations but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. The claimants impairments result in mild restrictions of activities of daily living . She functions independently and cares for her 5-year old child (Exhibit 2F). The claimant has moderate difficulties in maintaining concentration, persistence or pace.  Dr. Arthur indicates her symptoms would moderately interfere with doing complex and detailed tasks and performing work activities on a consistent basis. (Exhibit 2F).  The claimant has not experienced episodes of decompensation of extended duration . Her functional limitations are not of sufficient severity to meet the "B" or "C" criterion of a listed mental impairment. No physician has opined that her impairments are equal to a listed impairment.

Tr. 26.

Substantial evidence supports the ALJ's decision regarding whether or not Ms. Beynon's impairments meet or equal § 12.06 f the Listings.  Listing 12.06 provides:

> 12.06 *Anxiety Related Disorders*: In these disorders anxiety is either the predominant disturbance or it is experienced if the individual attempts to master symptoms; for example, confronting the dreaded object or situation in a phobic disorder or resisting the obsessions or compulsions in obsessive compulsive disorders
> The required level of severity for these disorders is met <u>when the requirements in both A and B are satisfied, or when the requirements in both A and C are satisfied.</u>
>
> A. Medically documented findings of at least one of the following:
>    1. Generalized persistent anxiety accompanied by three out of four of the following signs or symptoms:
>       a. Motor tension; or
>       b. Autonomic hyperactivity; or
>       c. Apprehensive expectation; or
>       d. Vigilance and scanning; or
>    2. A persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation; or
>    3. Recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week; or

REPORT AND RECOMMENDATION - 3

      4. Recurrent obsessions or compulsions which are a source of marked distress; or
      5. Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress;
 AND

  B. Resulting in at least two of the following:
    1. Marked restriction of activities of daily living; or
    2. Marked difficulties in maintaining social functioning; or
    3. Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or
    4. Repeated episodes of deteriorations or decompensation in work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors);
 OR
  C. Resulting in complete inability to function independently outside the area of one's home.

Plaintiff does not meet the Listing requirements for §12.06 either singly or in combination. The ALJ noted that Chris Arthur, M.D., an examining psychiatrist had diagnosed major depression and features of PTSD on August 21, 2002 (Tr. 15, 148). He rated her Global Assessment of Functioning (GAF) at 55, indicating an individual with moderate symptoms or moderate difficulty in social, occupational, or school functioning (Tr. 15, 148)

After reviewing the administrative record, the ALJ specifically indicated that plaintiff's anxiety did not meet "a listed mental impairment." It appears Ms. Beynon's condition does not satisfy 12.06, or any other listed mental impairment and thus, the ALJ's decision was proper.

**B. T<small>HE</small> ALJ P<small>ROPERLY</small> E<small>VALUATED</small> T<small>HE</small> M<small>EDICAL</small> E<small>VIDENCE</small>**

Whether a medical source's opinion will be given significant weight depends on such things as the length of the examining relationship; treatment relationship including the nature and extent of the treatment relationship; the degree to which the treating source's opinion is supported by medical signs and laboratory findings; and its consistency with the rest of the evidence. See 20 C.F.R §§ 404.1527(d), 416.927(d). The ALJ may reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons, and reject

REPORT AND RECOMMENDATION - 4

the uncontradicted treating or examining physician opinion by providing clear and convincing reasons, supported by substantial evidence in the record. Holohan v. Massanari, 246 F.3d 1195, 1202-03 (9th Cir. 2001).

Plaintiff argues the ALJ was required to give controlling weight to the opinion of Rebecca L. Hoffman, M.D., her primary care physician, and failed to properly evaluate the opinion of Dr. Arthur, an examining psychiatrist, whose opinion was noted above.  Significantly, Dr. Arthur and Dr. Hoffman do not conclusively establish disability, and they did not document any limitations that would prevent her from performing all work activities.

In his opinion the ALJ noted that on May 2002 Dr. Hoffman reported that Plaintiff was doing better, with some continued sad moods, but otherwise her vegetative symptoms had improved (Tr. 17, 152). The ALJ stated that although Dr. Hoffman's assessment was generally consistent with the treatment record, evidence of improvement with treatment and medications, her ability to independently function, and care for her young son did not equate to a disabling level of impairment.

The ALJ observed that Dr. Arthur, a psychiatrist, had opined that Plaintiff would be capable of returning to work within 12 months with therapy and medication (Tr. 17, 149). The ALJ also noted that Dr. Arthur indicated that at the time of his evaluation Plaintiff's symptoms would moderately interfere with doing detailed and complex tasks, performing work activities on a consistent basis, and maintaining regular attendance (Tr. 17, 149). Dr. Arthur opined that Plaintiff's symptoms would preclude complex or detailed work, but he never stated that Plaintiff was disabled. As noted above, Dr. Arthur opined that with appropriate treatment Plaintiff's more severe limitations would be ameliorated within twelve months (Tr. 149).

The ALJ further found that because of Plaintiff's ability to independently function, care for her son, and manage household tasks, she was capable of maintaining regular attendance in simple types of work (Tr. 17). This finding, the ALJ explained, was consistent with the opinions of the state agency medical consultants (Tr. 17, 174).  The state agency physician's report states, "Claimant's

REPORT AND RECOMMENDATION - 5

1 allegations are consistent with the medical evidence, but not to the extent all work activity is

2 prevented. Claimant should be capable of simple , unskilled types of work" (Tr. 174).

3      In sum, the ALJ properly reviewed all the medical evidence in record and reasonably

4 concluded Ms. Beynon's impairments did not render her totally disabled. This finding is supported

5 by the ALJ's evaluation of the evidence submitted by Dr. Hoffman, Dr. Arthur, plaintiff's credibility

6 (see below) and the other substantial evidence in the record.

7 *C. THE ALJ PROPERLY DISCREDITED PLAINTIFF'S COMPLAINTS OF TOTAL DISABILITY*

8      Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit

9 authority on evaluating plaintiff's subjective complaints.  Bunnell requires the ALJ findings to be

10 properly supported by the record, and "must be sufficiently specific to allow a reviewing court to

11 conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not

12 'arbitrarily discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad

13 Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)).  An ALJ may reject a claimant's subjective

14 complaints, if the claimant is able to perform household chores and other activities that involve many

15 of the same physical tasks as a particular type of job. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.

16 1989) However, as further explained in Fair v. Bowen, *supra*, and Smolen v. Chater, 80 F.3d 1273,

17 1288 (9th Cir. 1996), the Social Security Act does not require that claimants be utterly incapacitated

18 to be eligible for benefits, and many home activities may not be easily transferrable to a work

19 environment where it might be impossible to rest periodically.

20      Here, the ALJ noted inconsistent statements made by Plaintiff (Tr. 17). For example,

21 Plaintiff alleged memory difficulties, yet she was able to describe her past work in detail (Tr. 17,

22 236-38). The ALJ also noted that despite her allegations of agoraphobia she was able to shop and

23 utilize public transportation (Tr. 17, 146, 244). The ALJ further noted that Plaintiff was the primary

24 caregiver for her five-year old son; shopped; functioned independently, and managed household tasks

25 (Tr. 22, 157). The ALJ properly cited these daily activities as inconsistent with Plaintiff's alleged

26 REPORT AND RECOMMENDATION - 6

level of impairment. These activities are inconsistent with the alleged level of impairment. In conjunction with the ALJ's evaluation of the medical evidence, the ALJ properly discredited Plaintiff's allegation's concerning her subjective complaints.

## CONCLUSION

Based on the foregoing, the ALJ properly evaluated the medical evidence and the testimony offered by Plaintiff. The ALJ did not fail to consider a closed period of disability in this matter. The Commissioner 's decision is supported by substantial evidence in the record and free of legal error. Accordingly, the decision of the Commissioner is AFFIRMED.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 14, 2005**, as noted in the caption.

DATED this 6th day of September, 2005.

> */s/ J. Kelley Arnold*
> J. Kelley Arnold
> U.S. Magistrate Judge

REPORT AND RECOMMENDATION - 7